■ NIKOLAOS KITKAS, Plaintiff, v WINDSOR PLACE CORP., Defendant/Third-Party Plaintiff/Third Third-Party Plaintiff-Respondent, et al., Defendants. T&G CONTRACTING CORP., Third-Party Defendant/Second Third-Party Plaintiff; BOCA ELECTRIC CORP., Second Third-Party Defendant/Third Third-Party Defendant-Appellant. [897 NYS2d 652]—In an action to recover damages for personal injuries, the second third-party defendant/ third third-party defendant, Boca Electric Corp., appeals from an order of the Supreme Court, Queens County (Nelson, J.), entered January 14, 2009, which denied its motion for summary judgment dismissing all causes of action for contribution and common-law indemnification asserted against it.

Ordered that the order is reversed, on the law, and the motion of the second third-party defendant/third third-party defendant, Boca Electric Corp., for summary judgment dismissing all causes of action for contribution and common-law indemnification asserted against it is granted; with one bill of costs payable to the appellant.

On January 22, 2003, the plaintiff was performing electrical work on a construction project in Long Island City and allegedly was injured when an electrical panel exploded. At the time of the accident, the plaintiff was employed by the second third-party defendant/third third-party defendant, Boca Electric Corp. (hereinafter Boca).

In support of its motion for summary judgment dismissing all causes of action for contribution and common-law indemnification asserted against it, Boca met its burden of demonstrating that the plaintiff's injuries to his right hand did not constitute a "grave injury" within the meaning of Workers' Compensation

Law § 11 (*see Marshall v Arias*, 12 AD3d 423, 423-424 [2004]; *Aguirre v Castle Am. Constr.*, 307 AD2d 901 [2003]; *Fitzpatrick v Chase Manhattan Bank*, 285 AD2d 487 [2001]; *Trimble v Hawker Dayton Corp.*, 307 AD2d 452, 453 [2003]). In opposition, the plaintiff and the defendant third-party plaintiff/third third-party plaintiff, Windsor Place Corp., the owner of the premises where the accident occurred, failed to raise a triable issue of fact as to whether the plaintiff sustained a qualifying grave injury (*see Goodleaf v Tzivos Hashem, Inc.*, 68 AD3d 817 [2009]; *Aguirre v Castle Am. Constr.*, 307 AD2d 901 [2003]; *Fitzpatrick v Chase Manhattan Bank*, 285 AD2d at 488; *Trimble v Hawker Dayton Corp.*, 307 AD2d at 453).

The remaining contentions of the plaintiff and the defendant/third-party plaintiff/third third-party plaintiff either are without merit or are improperly raised for the first time on appeal. Dillon, J.P., Florio, Miller and Austin, JJ., concur.