■ JEFFREY SZCZEPANSKI, Respondent, v DANDREA CONSTRUCTION CORP., Defendant, NICHOLAS LIBERATOSCIOLI, Appellant, and LUSITANO ENTERPRISES, INC., Defendant/Third-Party Plaintiff-Respondent. BIG C CONSTRUCTION, INC., Third-Party Defendant-Appellant. [934 NYS2d 432]—

The plaintiff alleged that, on July 23, 2004, he was performing construction work at a property owned by the defendant Nicholas Liberatoscioli, and was injured when he fell from a beam. Liberatoscioli is the sole owner of the defendant/third-party plaintiff, Lusitano Enterprises, Inc. (hereinafter Lusitano), the general contractor on the job. The plaintiff allegedly was employed by the third-party defendant, Big C Construction, Inc. (hereinafter Big C).

The Supreme Court properly denied that branch of Liberatoscioli's motion which was for summary judgment dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against him. "Labor Law § 240 (1) and § 241 (6) contain identical language exempting from the statutes owners of one and two-family dwellings who contract for but do not direct or control the work" (*Chowdhury v Rodriguez*, 57 AD3d 121, 126 [2008] [internal quotation marks omitted]). To receive the benefit of this homeowner's exemption, a defendant must demonstrate: (1) that the work was performed at a one- or two-family dwelling, and (2) that the defendant did not direct or control the work (*id.* at 126). "The exception was enacted to protect those who, lacking business sophistication, would not know or anticipate the need to obtain insurance to cover them against absolute liability" (*Acosta v Hadjigavriel*, 18

AD3d 406, 406 [2005]). Here, Liberatoscioli failed to establish his prima facie entitlement to judgment as a matter of law, as there is a triable issue of fact as to whether he exercised the requisite degree of direction and control over the construction of his home to impose liability under Labor Law § 240 (1) and § 241 (6) (*see Acosta v Hadjigavriel*, 18 AD3d at 407; *Rothman v Shaljian*, 278 AD2d 297 [2000]; *cf. Krukowski v Steffensen*, 194 AD2d 179 [1993]).

Further, to be held liable pursuant to Labor Law § 200 in a case such as this, where the claim arises out of the methods or means of the work, a defendant must have authority to supervise or control the work (*see Rodriguez v Gany*, 82 AD3d 863, 865 [2011]; *Rojas v Schwartz*, 74 AD3d 1046 [2010]; *Ortega v Puccia*, 57 AD3d 54 [2008]). Here, Liberatoscioli failed to establish his prima facie entitlement to judgment as a matter of law, as there is a triable issue of fact as to whether he had the authority to supervise or control the plaintiff's work. Accordingly, the Supreme Court properly denied that branch of Liberatoscioli's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200 insofar as asserted against him (*see Acosta v Hadjigavriel*, 18 AD3d at 407). For the same reasons, the Supreme Court properly denied that branch of Liberatoscioli's motion which was for summary judgment dismissing the cause of action alleging common-law negligence insofar as asserted against him (*see Rodriguez v Gany*, 82 AD3d at 863; *Ortega v Puccia*, 57 AD3d at 63).

In support of its motion for summary judgment, inter alia, dismissing the third-party causes of action for contribution and common-law indemnification, Big C met its burden of demonstrating that the plaintiff's injuries did not constitute a "grave injury" within the meaning of Workers' Compensation Law § 11 (*see Kitkas v Windsor Place Corp.*, 72 AD3d 649, 649-650 [2010]; *Marshall v Arias*, 12 AD3d 423, 423-424 [2004]; *Aguirre v Castle Am. Constr.*, 307 AD2d 901 [2003]). In opposition, Lusitano failed to raise a triable issue of fact as to whether the plaintiff sustained a qualifying grave injury (*see Kitkas v Windsor Place Corp.*, 72 AD3d at 649; *Goodleaf v Tzivos Hashem, Inc.*, 68 AD3d 817 [2009]; *Aguirre v Castle Am. Constr.*, 307 AD2d at 901). Accordingly, the Supreme Court should have granted those branches of Big C's motion which were for summary judgment dismissing the third-party causes of action for contribution and common-law indemnification. Rivera, J.P., Leventhal, Belen and Roman, JJ., concur. **[Prior Case History: 2010 NY Slip Op 32475(U).]**