■ MANUEL RODRIGUEZ et al., Respondents, v TRIBECA 105, LLC, Respondent-Appellant, and RAF CONSTRUCTION & DEVELOPMENT CORP., Defendant/Third-Party Plaintiff-Respondent-Appellant. MORE AIR MECHANICAL SERVICES CO., INC., Third-Party Defendant-Appellant-Respondent. [939 NYS2d 546]—

In an action to recover damages for personal injuries, etc., the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Butler, J.), dated December 9, 2010, as granted the plaintiffs' motion for summary judgment on so much of the complaint as alleged a violation of Labor Law § 240 (1), granted those branches of the cross motion of the defendant/third-party plaintiff which were for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 200 and common-law negligence insofar as asserted against it and for summary judgment on the third-party cause of action for contractual indemnification, and granted that branch of the cross motion of the defendant Tribeca 105, LLC, which was for conditional sum-

mary judgment on that defendant's cross claim for contractual indemnification against the third-party defendant, and the defendant/third-party plaintiff and the defendant Tribeca 105, LLC, separately cross-appeal, as limited by their respective briefs, from so much of the same order as granted the plaintiffs' motion for summary judgment on so much of the complaint as alleged a violation of Labor Law § 240 (1).

Ordered that the appeal by the third-party defendant from so much of the order as granted those branches of the cross motion of the defendant/third-party plaintiff which were for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 200 and common-law negligence insofar as asserted against it is dismissed, as the third-party defendant is not aggrieved by that portion of the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting the plaintiffs' motion for summary judgment on so much of the complaint as alleged a violation of Labor Law § 240 (1), and substituting therefor a provision denying the motion, and (2) by deleting the provision thereof granting that branch of the cross motion of the defendant/third-party plaintiff which was for summary judgment on its third-party cause of action for contractual indemnification against the third-party defendant, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as reviewed on the appeal, without costs or disbursements.

The plaintiff Manuel Rodriguez allegedly fell from a ladder at a construction site and sustained injuries. Manuel and his wife, suing derivatively, commenced this action to recover damages for personal injuries against the owner of the site, the defendant Tribeca 105, LLC (hereinafter Tribeca), and the general contractor on the project, the defendant RAF Construction & Development Corp. (hereinafter RAF). RAF commenced a third-party action seeking, inter alia, contractual indemnification against Manuel's employer and a subcontractor on the project, More Air Mechanical Services Co., Inc. (hereinafter More). Tribeca asserted cross claims against More seeking, among other things, contractual indemnification.

In an order dated December 9, 2010, the Supreme Court, inter alia, granted the plaintiffs' motion for summary judgment on so much of the complaint as alleged a violation of Labor Law § 240 (1), granted those branches of RAF's cross motion which were for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 200 and

common-law negligence insofar as asserted against it and for summary judgment on its third-party cause of action for contractual indemnification against More, and granted that branch of Tribeca's cross motion which was for conditional summary judgment on its cross claim for contractual indemnification against More. More appeals, and RAF and Tribeca separately cross-appeal from the order. We modify.

The Supreme Court should have denied the plaintiffs' motion for summary judgment on so much of the complaint as alleged a violation of Labor Law § 240 (1). In opposition to the plaintiffs' prima facie showing of their entitlement to judgment as a matter of law, the defendants raised a triable issue of fact, requiring the denial of the plaintiffs' motion. The deposition testimony of Manuel's coworker as to how the accident occurred, which was inconsistent with Manuel's deposition testimony describing how the accident occurred, would support a finding that Manuel's alleged negligence was the sole proximate cause of his injuries (*see Merriman v Integrated Bldg. Controls, Inc.*, 84 AD3d 897 [2011]).

Furthermore, the Supreme Court should have denied that branch of RAF's cross motion which was for summary judgment on its third-party cause of action for contractual indemnification against More. "[A] party seeking contractual indemnification must prove itself free from negligence, because to the extent its negligence contributed to the accident, it cannot be indemnified therefor" (*Cava Constr. Co., Inc. v Gealtec Remodeling Corp.*, 58 AD3d 660, 662 [2009]; *see* General Obligations Law § 5-322.1; *Reisman v Bay Shore Union Free School Dist.*, 74 AD3d 772, 773 [2010]; *see also Dalvano v Racanelli Constr. Co., Inc.*, 86 AD3d 550, 551 [2011]). Here, in cross-moving for summary judgment on its third-party cause of action for contractual indemnification, RAF failed to eliminate the existence of all triable issues of fact regarding its negligence. Thus, the Supreme Court should have denied that branch of RAF's cross motion which was for summary judgment on its third-party cause of action for contractual indemnification against More, without regard to the sufficiency of the opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Finally, the Supreme Court properly granted that branch of Tribeca's cross motion which was for conditional summary judgment on its cross claim for contractual indemnification against More. "A court may render a conditional judgment on the issue of indemnity pending determination of the primary action in order that the indemnitee may obtain the earliest possible determination as to the extent to which he or she may expect to be

reimbursed provided that there are no issues of fact concerning the indemnitee's active negligence" (*George v Marshalls of MA, Inc.*, 61 AD3d 931, 932 [2009]). Here, there are no triable issues of fact concerning any active negligence on Tribeca's part.

Tribeca's remaining contention is not properly before this Court. Angiolillo, J.P., Florio, Chambers and Hall, JJ., concur. **[Prior Case History: 29 Misc 3d 1234(A), 2010 NY Slip Op 52144(U).]**