■ TOMMY B. MENDEZ, Respondent, v LA GUACATALA, INC., Doing Business as EL ABUELO GOZON, et al., Appellants, et al., Defendants. [944 NYS2d 313]—

In an action to recover damages for personal injuries, the defendants La Guacatala, Inc., doing business as El Abuelo Gozon, Ivan Duque, and Luis Laverde appeal from an order of the Supreme Court, Queens County (Butler, J.), dated May 12, 2011, which granted the plaintiff's motion to strike their answer on the ground of spoliation of evidence and for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, that branch of the plaintiff's motion which was to strike the answer of the defendants La Guacatala, Inc., doing business as El Abuelo Gozon, Ivan Duque, and Luis Laverde on the ground of spoliation of evidence is granted only to the extent of directing that a negative inference charge shall be issued at trial against those defendants with respect to a video surveillance tape of the underlying incident, and the answer of those defendants is reinstated.

The plaintiff, who allegedly was assaulted by security staff at a bar owned by the defendant La Guacatala, Inc., doing business as El Abuelo Gozon (hereinafter the defendant corporation), after a dispute about his bill, sent a letter through his counsel to the defendants five days after the incident, asking the defendant corporation to preserve a surveillance video from the date of the incident. The letter, written in English, informed

the defendant corporation that the plaintiff had retained an attorney to pursue, inter alia, assault and personal injury claims against the defendant corporation and its agents, managers, and employees, that any recording or surveillance video of the incident should be preserved, and that failure to preserve the video could result in the court ruling in favor of the plaintiff.

During his deposition, the defendant Ivan Duque, the president of the defendant corporation, stated that he did not read much English, but had his children translate important mail for him and that, upon receipt of the letter asking for preservation of the surveillance video, he forwarded the letter to his insurance company. Duque also testified that he did not review the surveillance video or make an effort to preserve it, as he did not understand the import of the letter from the plaintiff's counsel. As a result, the video was automatically erased 30 days after the underlying incident. The plaintiff moved to strike the answer of the defendant corporation, Duque, and the defendant bar manager Luis Laverde (hereinafter collectively the defendants), and for summary judgment on the issue of liability based upon the defendants' alleged spoliation of evidence. The Supreme Court granted the motion. The defendants appeal, and we reverse.

While the Supreme Court has broad discretion in determining sanctions for spoliation of evidence (*see Denoyelles v Gallagher*, 40 AD3d 1027 [2007]), the sanction of striking the defendants' answer was overly harsh under the circumstances. "The party requesting sanctions for spoliation has the burden of demonstrating that a litigant intentionally or negligently disposed of critical evidence, and 'fatally compromised [the movant's] ability to'" prove a claim or defense (*Utica Mut. Ins. Co. v Berkoski Oil Co.*, 58 AD3d 717, 718 [2009], quoting *Lawson v Aspen Ford, Inc.*, 15 AD3d 628, 629 [2005]). Here, while the Supreme Court properly determined that the plaintiff demonstrated that the defendants intentionally or negligently disposed of the video, the plaintiff's ability to prove his case without the video was not fatally compromised. Indeed, the plaintiff may testify at trial about the alleged assault by the defendants' employees. Thus, he is not left without means to prove his causes of action (*see Barone v City of New York*, 52 AD3d 630, 631 [2008]). Accordingly, the Supreme Court improvidently exercised its discretion in striking the defendants' answer and in awarding the plaintiff summary judgment on the issue of liability on that basis. Under the circumstances of this case, the appropriate sanction would have been to direct that a negative inference charge be issued at trial against the defendants with respect to the unavailable

video surveillance tape (*id.*; *see Molinari v Smith*, 39 AD3d 607 [2007]). Skelos, J.P., Florio, Belen and Sgroi, JJ., concur.