*584 In an action to recover damages for personal injuries, etc., the defendant and third-party plaintiff/second third-party plaintiff appeals (1) from an order of the Supreme Court, Kings County (Silber, J.), dated October 27, 2011, which granted the motion of the second third-party defendant for summary judgment dismissing the second third-party complaint, and (2), as limited by its brief, from so much of an order of the same court dated August 9, 2012, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it and on its third-party cause of action for contractual indemnification, and the third-party defendant cross-appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the third-party complaint and on its counterclaim for contractual indemnification against the defendant and third-party plaintiff/second third-party plaintiff.
Ordered that the order dated October 27, 2011, is affirmed; and it is further,
Ordered that the order dated August 9, 2012, is modified, on the law, by deleting the provision thereof denying that branch of the third-party defendant’s motion which was for summary judgment dismissing the first cause of action in the third-party complaint, and substituting therefor a provision granting that branch of the motion; as so modified, the order dated August 9, 2012, is affirmed insofar as appealed and cross-appealed from; and it is further,
Ordered that one bill of costs is awarded to the plaintiffs and to the second third-party defendant, payable by the defendant and third-party plaintiff/second third-party plaintiff.
On January 7, 2006, the injured plaintiff, who was employed by the third-party defendant Saturn of Newburgh, Inc. (hereinafter Saturn), allegedly was injured when he fell into a “hole” or “crater” that had formed in the front parking lot at his place of employment. Saturn leased the premises from which it operated its car dealership from the defendant and third-party plaintiff/second third-party plaintiff, Danielle Associates, LLC (hereinafter Danielle), the owner of the subject premises. Groundwater & Environmental Services, Inc. (hereinafter Groundwater), and Danielle had entered into a contract dated November 8, 2001, pursuant to which Groundwater was to perform certain environmental work involving the excavation and removal of drywell contents and impacted soil at the subject premises.
Pursuant to the lease between Danielle, as landlord, and Saturn, as tenant, it was agreed that Saturn “shall be responsible *585 for all maintenance and repair to the Premises (excluding to the extent previously described herein all structural components of the Building and Premises) of whatever kind or nature that is not hereinafter set forth specifically as the obligation of the Landlord.” According to provision 24.7 of the lease, Saturn was to indemnify and hold Danielle harmless “from and against any and all loss . . . and against all claims, actions, damages, liability and expense in connection with . . . bodily and personal injury . . . arising from any occurrence in, upon or at the Premises or any part thereof.” Further, this provision stated that Saturn assumed all risks of injury to people resulting from the condition of the premises and Saturn would defend Danielle in the event that an action was commenced against Danielle for which Danielle was not at fault.
However, in provision 27.2 of the lease, Danielle represented that there were no hazardous toxic materials on the premises except to the extent that claims were made by Saturn in connection with its prior lease and which the parties agreed to resolve pursuant to the terms of a separate agreement. This section provided, in part, that Danielle was to “indemnify and hold [Saturn] harmless from and against all claims, actions, liabilities and expenses, including reasonable legal fees . . . arising from the presence, removal, transport or disposal of Hazardous Substances in or from the Premises which are the responsibility of [Danielle].”
The injured plaintiff, and his wife suing derivatively, thereafter commenced this action against Danielle and another party. Danielle commenced a third-party action against Saturn for contribution and common-law and contractual indemnification. In addition, Danielle commenced a second third-party action against Groundwater for contribution and common-law and contractual indemnification.
Groundwater moved for summary judgment dismissing the second third-party complaint. By order dated October 27, 2011, the Supreme Court granted Groundwater’s motion for summary judgment dismissing the second third-party complaint.
Danielle moved for summary judgment dismissing the complaint insofar as asserted against it and on its third-party cause of action for contractual indemnification against Saturn. Saturn moved for summary judgment dismissing the third-party complaint and on its counterclaim for contractual indemnification against Danielle. By order dated August 9, 2012, the Supreme Court, inter alia, denied both motions.
“A contract will be interpreted in accordance with the intent of the parties as expressed in the language of the agreement” *586 (Johnston v MGM Emerald Enters., Inc., 69 AD3d 674, 677 [2010]; see Greenfield v Philles Records, 98 NY2d 562, 569 [2002]; W.W.W. Assoc. v Giancontieri, 77 NY2d 157 [1990]). “The right to contractual indemnification depends upon the specific language of the contract” (Roldan v New York Univ., 81 AD3d 625, 628 [2011]; see Hooper Assoc. v AGS Computers, 74 NY2d 487, 491-492 [1989]). “The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances” (Roldan v New York Univ., 81 AD3d at 628).
Here, the Supreme Court properly granted Groundwater’s motion for summary judgment dismissing the second third-party complaint. Groundwater established its prima facie entitlement to judgment as a matter of law dismissing the contribution and common-law indemnification causes of action in the second third-party complaint by demonstrating that the accident was not due solely to Groundwater’s allegedly negligent performance or nonperformance of an act solely in its province (see Proulx v Entergy Nuclear Indian Point 2, LLC, 98 AD3d 492, 493 [2012]; Roach v AVR Realty Co., LLC, 41 AD3d 821, 824 [2007]), and that it did not owe a duty of care independent of its contractual obligations to Danielle or to the injured plaintiff (see Proulx v Entergy Nuclear Indian Point 2, LLC, 98 AD3d at 493; Roach v AVR Realty Co., LLC, 41 AD3d at 824; Hites v Toys “R” Us, Inc., 33 AD3d 759, 760-761 [2006]). In opposition, Danielle failed to raise a triable issue of fact. Further, Groundwater established its prima facie entitlement to judgment as a matter of law dismissing the contractual indemnification cause of action in the second third-party complaint by demonstrating that it did not have a contractual obligation to indemnify Danielle (see Reimold v Walden Terrace, Inc., 85 AD3d 1144, 1146 [2011]). In opposition, Danielle failed to raise a triable issue of fact.
The Supreme Court properly denied Danielle’s motion for summary judgment dismissing the complaint insofar as asserted against it and on its third-party cause of action for contractual indemnification against Saturn. The Supreme Court also properly denied those branches of Saturn’s motion which were for summary judgment dismissing the cause of action for contractual indemnification in the third-party complaint and on its counterclaim for contractual indemnification against Danielle. In support of its motion, Danielle submitted, inter alia, the transcript of the injured plaintiff’s deposition, during which the injured plaintiff stated that there were two holes in the subject parking lot where soil testing had been done by *587 Danielle years before his accident. The injured plaintiff explained that, at some point prior to his accident, the holes were filled in with gravel but not paved. He testified that, although the gravel initially filled the holes so that the surface of the holes was flush with the surrounding parking lot, over time, the gravel sunk so that craters formed in the holes. He mentioned this to his boss, who informed him that Saturn could not touch the holes, as Danielle needed access to them in connection with the environmental remediation work taking place. He also testified that the accident occurred in the front parking lot as he was performing an inventory on a car, when the ground near one of the holes gave way, causing him to lose his balance and fall backwards. Danielle also submitted the deposition testimony of one of its shareholders that he was aware that there was an environmental problem with the underground storage tanks at the time that Danielle purchased the subject property in 1998 and that, in 2002, Groundwater excavated and temporarily restored the holes in the parking lot by using a cold patch. He also testified that it was Saturn’s responsibility to pave the parking lot. However, he stated that Saturn had to make sure that Danielle had access to the wells. In support of its motion for summary judgment, Saturn submitted, inter alia, an affidavit from its principal stating that Saturn was not responsible for fixing the subject hole in the parking lot under the terms of its lease with Danielle, inasmuch as the hole was related to the environmental remediation work which was the responsibility of Danielle and not part of routine maintenance of the parking lot. In light of the testimony submitted by Danielle in support of its motion and the lease, and in light of Saturn’s submissions in support of its motion, neither Danielle nor Saturn met its prima facie burden of establishing its entitlement to judgment as a matter of law, as each party failed to eliminate questions of fact as to whether it bore responsibility for fixing the subject hole pursuant to the terms of the lease (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
However, the Supreme Court improperly denied that branch of Saturn’s motion which was for summary judgment dismissing the first cause of action in the third-party complaint, which sought contribution and common-law indemnification. Saturn met its prima facie burden of demonstrating that the injured plaintiff’s injuries did not constitute a “grave injury” within the meaning of Workers’ Compensation Law § 11 (see Szczepanski v Dandrea Constr. Corp., 90 AD3d 642, 644 [2011]; Kitkas v Windsor Place Corp., 72 AD3d 649, 649-650 [2010]). In opposition, Danielle failed to raise a triable issue of fact as to whether *588 the injured plaintiff sustained a qualifying grave injury (see Kitkas v Windsor Place Corp., 72 AD3d at 650; Goodleaf v Tzivos Hashem, Inc., 68 AD3d 817, 817 [2009]).
The parties’ remaining contentions either are without merit or need not be reached in light of our determination. Rivera, J.P., Skelos, Chambers and Austin, JJ., concur.