■ DANNY DELVALLE, Plaintiff, v MERCEDES BENZ USA, LLC, et al., Defendants/Third-Party Plaintiffs-Appellants. DOUGLAS S. KENT et al., Third-Party Defendants-Respondents, et al., Third-Party Defendants. [985 NYS2d 918]—

In an action to recover damages for personal injuries, the defendants/third-party plaintiffs appeal from an order of the Supreme Court, Kings County (Bayne, J.), dated February 15, 2013, which granted the motion of the third-party defendants Douglas S. Kent and King Freeze Mechanical Corp. for summary judgment dismissing the third-party complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the motion of the third-party defendants Douglas S. Kent and King Freeze Mechanical Corp. (hereinafter together the respondents) for summary judgment dismissing the third-party complaint, which sought contribution and indemnification, insofar as asserted against them. The respondents met their prima facie burden of establishing their entitlement to judgment as a matter of law by demonstrating that the plaintiff was injured in the course of his employment with King Freeze Mechanical Corp., and that the plaintiff's injuries did not constitute a "grave injury" within the meaning of Workers' Compensation Law § 11 (see *Szczepanski v Dandrea Constr. Corp.*, 90 AD3d 642, 644 [2011]; *Kitkas v Windsor Place Corp.*, 72 AD3d 649 [2010]; *Goode v Woodside*, 74 AD3d 1279 [2010]). In opposition, the defendants/third-party plaintiffs failed to raise a triable issue of fact. Balkin, J.P., Dickerson, Chambers and Hall, JJ., concur.