McDonnell v Sandaro Realty, Inc. (2018 NY Slip Op 07114)





McDonnell v Sandaro Realty, Inc.


2018 NY Slip Op 07114


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
COLLEEN D. DUFFY, JJ.


2015-06171
 (Index No. 8727/11)

[*1]Matthew McDonnell, et al., plaintiffs-respondents- appellants, 
v
Sandaro Realty, Inc., defendant- respondent-appellant, E.W. Howell Co., LLC, defendant third-party plaintiff-respondent-appellant; Bay Structures, Inc., third-party defendant-respondent- appellant; J & R Brick Masonry, Inc., third-party defendant-appellant-respondent (and another third-party action).


Ahmuty, Demers & McManus, Albertson, NY (Nicholas M. Cardascia and Glenn A. Kaminska of counsel), for third-party defendant-appellant-respondent, J & R Brick Masonry, Inc.
Ruth E. Bernstein, New York, NY, for plaintiffs-respondents-appellants, Matthew McDonnell and Whitney Luther.
Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (Meredith Drucker Nolen and Nicholas Hurzeler of counsel), for defendant-respondent-appellant, Sandaro Realty, Inc.
Traub Lieberman Straus & Shrewsberry, LLP, Hawthorne, NY (Mario Castellitto of counsel), for defendant third-party plaintiff-respondent-appellant, E.W. Howell Co., LLC.
Camacho Mauro Mulholland, LLP, New York, NY (Andrea Sacco Camacho of counsel), for third-party defendant-respondent-appellant, Bay Structures, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., J & R Brick Masonry, Inc., appeals, and the plaintiffs, E.W. Howell Co., LLC, Bay Structures, Inc., and Sandaro Realty, Inc., each separately cross-appeal, from stated portions of an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered May 26, 2015. The order, among other things, (1) denied that branch of the motion of E.W. Howell Co., LLC, which was for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action insofar as asserted against it; (2) denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against Sandaro Realty, Inc.; and (3), in effect, granted that branch of the motion of J & R Brick Masonry, Inc., which was pursuant to CPLR 3126 to impose sanctions for spoliation to the extent of striking the third-party complaint of E.W. Howell Co., LLC, and precluding E.W. Howell Co., LLC, from introducing at trial any evidence as to the condition of the subject scaffold or plank.
ORDERED that the order is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting so much of the first decretal paragraph thereof as denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against Sandaro Realty, Inc., and substituting therefor a provision granting that branch of the motion, (2) by deleting so much of the third decretal paragraph thereof as denied that branch of the motion of Bay Structures, Inc., which was for summary judgment dismissing the third-party causes of action and cross claims asserted against it for common-law indemnification and contribution, and substituting therefor a provision granting that branch of the motion, (3) by deleting so much of the fifth decretal paragraph thereof as granted that branch of the motion of J & R Brick Masonry, Inc., which was for summary judgment dismissing the third-party complaint and all cross claims insofar as asserted against it, and substituting therefor a provision denying that branch of the motion, (4) by deleting from the sixth decretal paragraph thereof determining that branch of the motion of J & R Brick Masonry, Inc., which was for summary judgment on its cross claim against Bay Structures, Inc., for common-law indemnification and on its counterclaim against E.W. Howell, Inc., for common-law indemnification the words "rendered moot," and substituting therefor the word "denied," (5) by deleting the seventh decretal paragraph thereof, in effect, granting that branch of the motion of J & R Brick Masonry, Inc., which was pursuant to CPLR 3126 to impose sanctions for spoliation to the extent of striking the third-party complaint of E.W. Howell Co., LLC, and precluding E.W. Howell Co., LLC, from introducing at trial any evidence as to the condition of the subject scaffold or plank, and substituting therefor a provision granting that branch of the motion to the extent of directing that if E.W. Howell Co., LLC, presents evidence at trial as to the condition of the subject scaffold or plank, then an adverse inference charge shall be given against it with respect to the scaffold or plank, (6) by deleting so much of the ninth decretal paragraph thereof as granted those branches of the cross motion of Sandaro Realty, Inc., which were for conditional summary judgment on its causes of action against Bay Structures, Inc., for contractual and common-law indemnification, and substituting therefor a provision denying that branch of the cross motion, (7) by deleting the eleventh decretal paragraph thereof determining those branches of the motion of E.W. Howell Co., LLC, which were with respect to causes of action for contractual and common-law indemnification, and substituting therefor a provision denying those branches of the motion of E.W. Howell Co., LLC, which were for conditional summary judgment in favor of it and Sandaro Realty, Inc., on the third-party causes of action against J & R Brick Masonry, Inc., for common-law and contractual indemnification, and for conditional summary judgment on their causes of action against Bay Structures, Inc., for contractual
indemnification, and (8) by deleting the fourth and twelfth decretal paragraphs thereof determining those branches of the separate motions of E.W. Howell, LLC, and Bay Structures, Inc., which were with respect to the third-party causes of action of E.W. Howell, LLC, alleging, in effect, breach of contract for failure to procure insurance, and substituting therefor a provision denying that branch of the motion of E.W. Howell Co., LLC, which was for summary judgment in favor of it and Sandaro Realty, Inc., on the third-party causes of action against Bay Structures, Inc., and J & R Brick Masonry, Inc., alleging, in effect, breach of contract to procure insurance, and granting those branches of the separate motions of Bay Structures, Inc., and J & R Brick Masonry, Inc., which were for summary judgment dismissing the third-party causes of action of E.W. Howell Co., LLC, alleging, in effect, breach of contract for failure to procure insurance insofar as asserted against each of them; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiffs payable by Sandaro Realty, Inc.
In this action, the plaintiffs, Matthew McDonnell, and his wife suing derivatively, allege that McDonnell was injured on or about November 21, 2008, when he was working on a construction project at a site owned by Sandaro Realty, Inc. (hereinafter Sandaro). McDonnell alleged that, on that date, a plank on the scaffold on which he was standing broke and caused him to fall a distance of approximately six feet to the ground. At the time, McDonnell was employed as a carpenter by Bay Structures, Inc. (hereinafter Bay), a subcontractor on the project engaged in dry wall and carpentry work. E.W. Howell Co., LLC (hereinafter Howell), was the general contractor for the project. The scaffold was owned by J & R Brick Masonry, Inc. (hereinafter J & R), another subcontractor on the project engaged in masonry work.
The parties dispute which J & R scaffold McDonnell fell from, and also whether [*2]Howell had secured permission from J & R for McDonnell to use the scaffold involved. At his deposition, McDonnell testified that, on the date of his accident, his supervisor, who worked for Bay, and a Howell supervisor instructed him to use the scaffold, and that, when McDonnell stepped on a plank on the scaffold, it broke and he fell approximately six feet. McDonnell also testified that he advised his supervisor that he was okay after the accident and declined to go to the hospital. According to the deposition testimony of McDonnell and others, including a Howell employee who investigated the accident later that same day, the scaffold was disassembled almost immediately after McDonnell's fall and the broken plank was discarded, although McDonnell's supervisor took a photograph of the broken plank first.
More than two years after McDonnell's fall, in June 2011, the plaintiffs commenced this action against Sandaro and Howell, seeking damages for, inter alia, personal injuries arising out of the fall from the scaffold. The plaintiffs asserted causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6), and common-law negligence. Howell then commenced a third-party action against Bay and J & R (hereinafter together the third-party defendants), and Sandaro subsequently asserted cross claims and counterclaims against the third-party defendants and Howell. The third-party defendants each asserted counterclaims and cross claims for, inter alia, contractual and common-law indemnification and contribution against each other, Howell, and Sandaro.
In an order entered May 26, 2015, the Supreme Court determined the parties' respective motions and cross motion for, inter alia, summary judgment, made after discovery was complete. J & R appeals, and the plaintiffs, Sandaro, Howell, and Bay cross-appeal.
The Plaintiffs' Claims
The Supreme Court should have granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against Sandaro. The plaintiffs established their prima facie entitlement to judgment as a matter of law through the deposition testimony and documents they submitted showing that Sandaro failed to furnish or erect a scaffold so as to protect McDonnell from an elevation-related risk in violation of Labor Law § 240(1) and that the violation was a substantial cause of McDonnell's injuries (see Gordon v Eastern Ry. Supply, 82 NY2d 555, 560-561; Sprague v Peckham Materials Corp., 240 AD2d 392, 393). In opposition, Sandaro failed to raise a triable issue of fact (see Inga v EBS N. Hills, LLC, 69 AD3d 568, 569; Rivera v Dafna Constr. Co., Ltd., 27 AD3d 545, 545-546).
We agree with the Supreme Court's determination denying that branch of Howell's motion which was for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against it. Labor Law § 200 "is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work" (Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877). In support of its motion, Howell submitted documents and deposition testimony of its employees and others to show that J & R had authorized McDonnell to use a particular scaffold. However, Howell's submissions also included documents corroborating McDonnell's deposition testimony that a Howell employee had instructed McDonnell to use the scaffold from which McDonnell fell. Moreover, Howell submitted deposition testimony that raised a triable issue of fact as to which scaffold McDonnell was on when he fell. As Howell failed to show, prima facie, that it was entitled to judgment as a matter of law, the burden never shifted to the plaintiffs to raise a triable issue of fact in response (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Dooley v Peerless Importers, Inc., 42 AD3d 199, 204-205).
The Third-Party Claims
Spoliation
"Under the common-law doctrine of spoliation, a party may be sanctioned where it negligently loses or intentionally destroys key evidence" (Morales v City of New York, 130 AD3d 792, 793; see Peters v Hernandez, 142 AD3d 980, 980; Cioffi v S.M Foods, Inc., 142 AD3d 520, 524,). "A party that seeks sanctions for spoliation of evidence must show that the party having [*3]control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [internal quotation marks omitted]; see Golan v North Shore-Long Is. Jewish Health Sys., Inc., 147 AD3d 1031, 1032). Where evidence has been intentionally or willfully destroyed, its relevance is presumed (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 547). However, where evidence has been destroyed negligently, the party seeking spoliation sanctions must establish that the destroyed evidence was relevant to the party's claim or defense (see id. at 547-548). If the moving party is still able to establish or defend a case, then a sanction less severe than striking the pleadings of the offending party is appropriate (see Peters v Hernandez, 142 AD3d at 980; Morales v City of

New York, 130 AD3d at 794; De Los Santos v Polanco, 21 AD3d 397, 398; Iannucci v Rose, 8 AD3d 437, 438).
Under the circumstances of this case, we disagree with the Supreme Court's determination granting that branch of J & R's motion which was pursuant to CPLR 3126 to impose sanctions for spoliation to the extent of striking Howell's third-party complaint and precluding Howell from introducing at trial any evidence as to the condition of the scaffold or plank (see Ortega v City of New York, 9 NY3d 69, 76). Even if the failure to preserve the broken plank was intentional, the spoliation at issue did not merit the drastic sanctions imposed (see Peters v Hernandez, 142 AD3d at 981; Giuliano v 666 Old Country Rd., LLC, 100 AD3d 960, 962; Mendez v La Guacatala, Inc., 95 AD3d 1084, 1085). Here, Howell did not own the scaffold and there is no evidence that, at the time the scaffold was disassembled, litigation resulting from the fall would be contemplated. Moreover, the other parties' abilities to prove their claims and defenses is not fatally compromised by the failure to preserve the scaffold and plank; the deposition testimony of the J & R foreman who inspected and disassembled the scaffold, and photographs of the broken scaffold and plank, allow the other parties to pursue their claims and defenses (see Peters v Hernandez, 142 AD3d at 981; Giuliano v 666 Old Country Rd., LLC, 100 AD3d at 962; Mendez v La Guacatala, Inc., 95 AD3d at 1085). Accordingly, although some sanction is appropriate, striking Howell's third-party complaint and precluding it from introducing any evidence at trial as to the condition of the scaffold or plank was an improvident exercise of the court's discretion. Under the circumstances of this case, the sanction should be limited to the issuance of an adverse inference charge against Howell with respect to the scaffold or plank if Howell were to present evidence at trial as to the condition of the scaffold or plank (see Peters v Hernandez, 142 AD3d at 981; Giuliano v 666 Old Country Rd., LLC, 100 AD3d at 962; see also Mendez v La Guacatala, Inc., 95 AD3d at 1085-1086; Utica Mut. Ins. Co. v Berkoski Oil Co., 58 AD3d 717, 719).
Contractual Indemnification
"[T]he right to contractual indemnification depends upon the specific language of the contract," and "[t]he promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances" (Shaughnessy v Huntington Hosp. Assn., 147 AD3d 994, 999-1000 [internal quotation marks omitted]).
Howell's subcontractor agreements with Bay and J & R each contain broad indemnity provisions that state that, to the maximum extent permitted by law, the subcontractor will indemnify Howell, the owner, and all additional insureds and indemnitees for damages "caused by, resulting from, arising out of, or in any way occurring directly or indirectly in any manner connected with" the subcontractor's work, "but only to the extent that such claim, damage or loss is not caused by the negligence of the Owner and/or Contractor" (emphasis added). Both Howell and Sandaro failed to establish, prima facie, that the events that resulted in McDonnell falling from the scaffold were not "caused by the negligence of the . . . Contractor [Howell]" (see Seales v Trident Structural Corp., 142 AD3d 1153, 1159-1160; Nealy v Pavarini-McGovern, LLC, 135 AD3d 917, 920; Rodriguez v Tribeca 105, LLC, 93 AD3d 655, 657). Accordingly, neither Howell nor Sandaro is entitled to conditional summary judgment on their respective causes of action and cross claims for contractual indemnification against Bay and J & R (see Seales v Trident Structural Corp., 142 AD3d at 1159-

1160; Nealy v Pavarini-McGovern, LLC, 135 AD3d at 920; Rodriguez v Tribeca 105, LLC, 93 AD3d at 657; see also General Obligations Law § 5-322.1), and the Supreme Court should not have granted those branches of their respective motions, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853; Rodriguez v Tribeca 105, LLC, 93 AD3d at 657).
To the extent that J & R argues that the Supreme Court should have granted dismissal of the third-party causes of action for contractual indemnification against it because the causes of action did not "arise out of" J & R's work, it is incorrect (see Wilk v Columbia Univ., 150 AD3d 502, 503; Urbina v 26 Ct. St. Assoc., LLC, 46 AD3d 268, 274; see also Muhjaj v 77 Water St., Inc., 148 AD3d 1165, 1168). Thus, that branch of J & R's motion which was for summary judgment dismissing the third-party causes of action for contractual indemnification asserted against it by Howell and Sandaro should have been denied.
Common-Law Indemnification
The Supreme Court should have granted that branch of Bay's motion which was for summary judgment dismissing the causes of action and cross claims asserted against it for common-law indemnification and contribution. Bay, McDonnell's employer, established, prima facie, that McDonnell did not sustain a grave injury within the meaning of Workers' Compensation Law § 11, and no triable issue of fact was raised in opposition to that showing (see Delvalle v Mercedes Benz USA, LLC, 117 AD3d 894, 894; Szczepanski v Dandrea Constr. Corp., 90 AD3d 642, 644).
The remaining branches of each of the motions of Howell, Bay, and J & R, and the cross motion of Sandaro, which were for summary judgment or conditional summary judgment on causes of action and/or cross claims based on common-law indemnification, should have been denied. In order to establish a cause of action for common-law indemnification, a party must "prove not only that [it was] not negligent, but also that the proposed indemnitor . . . was responsible for negligence that contributed to the accident or, in the absence of any negligence, had the authority to direct, supervise, and control the work giving rise to the injury" (Shaughnessy v Huntington Hosp. Assn., 147 AD3d at 999 [internal quotation marks omitted]). "Where a defendant's alleged liability is purely statutory and vicarious, conditional summary judgment in that defendant's favor on the basis of common-law indemnification is premature absent proof, as a matter of law, that [the party from whom indemnification is sought] was negligent or had authority to direct, supervise, and control the work giving rise to the plaintiff's injury" (id. [internal quotation marks omitted]). Here, Sandaro is not entitled to conditional summary judgment on its cross claim for common-law indemnification against J & R at this time because there are issues of fact as to whether J & R was negligent (see Allan v DHL Express [USA], Inc., 99 AD3d 828, 833; Perri v Gilbert Johnson Enters., Ltd., 14 AD3d 681, 685).
Similarly, the Supreme Court should have denied those branches of the motions of Howell and J & R which sought summary judgment on their common-law indemnification causes of action and/or cross claims against each other. They each have failed to establish, prima facie, on their respective motions not only that they were not negligent, but also that the other party was responsible for the negligence that contributed to the accident or, in the absence of any negligence, had the authority to direct, supervise, and control the work giving rise to the plaintiff's injury (see

Shaughnessy v Huntington Hosp. Assn., 147 AD3d at 999; Mohan v Atlantic Ct., LLC, 134 AD3d 1075, 1078-1079; Nasuro v PI Assoc., LLC, 49 AD3d 829, 832; Benedetto v Carrera Realty Corp., 32 AD3d 874, 875-876). In light of the movants' respective failures to meet their prima facie burdens, we need not consider the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853; Shaughnessy v Huntington Hosp. Assn., 147 AD3d at 999).
Breach of Contract to Procure Insurance
The Supreme Court also should have denied summary judgment in favor of Howell and Sandaro on the causes of action based on Bay and J & R's alleged failure to procure insurance. As an initial matter, Sandaro failed to assert any such cause of action in its pleadings. Moreover, [*4]Bay and J & R each respectively established their prima facie entitlement to judgment as a matter of law dismissing those causes of action which were, in effect, against each of them by demonstrating that Bay and J & R each procured the requisite insurance in accordance with their contracts, and no triable issue of fact was raised in opposition (see Perez v Morse Diesel Intl., Inc., 10 AD3d 497, 498; see also Sicilia v City of New York, 127 AD3d 628, 629).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., COHEN, MALTESE and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court