McIntosh v Ronit Realty, LLC (2020 NY Slip Op 01485)





McIntosh v Ronit Realty, LLC


2020 NY Slip Op 01485


Decided on March 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2018-03585
 (Index No. 502428/14)

[*1]Bobb McIntosh, plaintiff, 
v
Ronit Realty, LLC, defendant third-party plaintiff-respondent; A.B.C. Tank Repair & Lining, Inc., third-party defendant- appellant, et al., third-party defendants.


Connors & Connors, P.C., Staten Island, NY (Robert J. Pfuhler of counsel), for third-party defendant-appellant.
Mitchell Troyetsky, New York, NY, for defendant third-party plaintiff-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the third-party defendant A.B.C. Tank Repair & Lining, Inc., appeals from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated January 26, 2018. The order denied the motion of the third-party defendant A.B.C. Tank Repair & Lining, Inc., for summary judgment dismissing the third-party complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the third-party defendant A.B.C. Tank Repair & Lining, Inc., for summary judgment dismissing the third-party complaint insofar as asserted against it is granted.
In February 2014, the third-party defendant A.B.C. Tank Repair & Lining, Inc. (hereinafter A.B.C. Tank), was hired by the defendant third-party plaintiff, Ronit Realty, LLC (hereinafter Ronit), to remove an oil tank at certain premises located in Brooklyn. On February 10, 2014, the plaintiff, an employee of A.B.C. Tank, allegedly was injured at the premises while acting within the scope of his employment. In March 2014, the plaintiff commenced this action against Ronit to recover damages for personal injuries. In December 2016, Ronit commenced a third-party action against, among others, A.B.C. Tank, asserting, inter alia, causes of action for contribution, common-law indemnification, and contractual indemnification, and to recover damages for breach of contract based upon a failure to purchase insurance. A.B.C. Tank moved for summary judgment dismissing the third-party complaint insofar as asserted against it. The Supreme Court denied A.B.C. Tank's motion, with leave to renew upon the completion of discovery on the issue of whether the plaintiff sustained a "grave injury" within the meaning of Workers' Compensation Law § 11. A.B.C. Tank appeals.
Workers' Compensation Law § 11 prohibits third-party claims for contribution or indemnification against an employer unless the employee has sustained a "grave injury" or there is a written contract entered into prior to the accident or occurrence by which the employer had expressly agreed to contribution to or indemnification of the third-party claimant (see Workers' Compensation Law § 11; Fleming v Graham, 10 NY3d 296, 299; Flores v Lower E. Side Serv. Ctr., [*2]Inc., 4 NY3d 363, 367; Cassese v SVJ Joralemon, LLC, 168 AD3d 667, 669; Muhjaj v 77 Water St., Inc., 148 AD3d 1165, 1166-1167).
Here, in support of its motion, A.B.C. Tank established, prima facie, that there was no written agreement between the parties that required it to contribute, indemnify, or procure insurance (see Chong Fu Huang v 57-63 Greene Realty, LLC, 174 AD3d 777, 778; Cassese v SVJ Joralemon, LLC, 168 AD3d at 669-670; cf. Rodrigues v N & S Bldg. Contrs., Inc., 5 NY3d 427, 432-433). Further, A.B.C. Tank established, prima facie, that the plaintiff was injured in the course of his employment and that the plaintiff's injuries did not constitute a "grave injury" within the meaning of Workers' Compensation Law § 11 (see McDonnell v Sandaro Realty, Inc., 165 AD3d 1090, 1097; Delvalle v Mercedes Benz USA, LLC, 117 AD3d 894; Szczepanski v Dandrea Constr. Corp., 90 AD3d 642, 644; Maxwell v Rockland County Community Coll., 78 AD3d 793, 794; Kitkas v Windsor Place Corp., 72 AD3d 649). In opposition, Ronit failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted A.B.C. Tank's motion for summary judgment dismissing the third-party complaint insofar as asserted against it.
RIVERA, J.P., CHAMBERS, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court