■ GARNHAM & HAN REAL ESTATE BROKERS, INC., Respondent, v FRED R. OPPENHEIMER, Appellant.—In an action to recover a real estate broker's commission, the defendant appeals from an order of the Supreme Court, Suffolk County (Di Noto, J.), entered October 28, 1987, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs,

the defendant's motion for summary judgment is granted and the complaint is dismissed.

It is well established that summary judgment will only be granted if there are no material and triable issues of fact *(see, Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). Issue finding, as opposed to issue determination, is the key to summary judgment *(see, Krupp v Aetna Life & Cas. Co.,* 103 AD2d 252, 261), and the papers are carefully scrutinized in the light most favorable to the party opposing the motion *(see, Robinson v Strong Mem. Hosp.,* 98 AD2d 976). However, once a moving party has made a prima facie showing of its entitlement to summary judgment, the burden shifts to the opposing party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action *(Alvarez v Prospect Hosp.,* 68 NY2d 320, 324).

In the late fall of 1986, the plaintiff real estate broker showed the defendant's property located in Amagansett to prospective purchasers, the Haags. Thereafter the plaintiff prepared and executed a "Broker's Commission Agreement" specifically in connection with a proposed transaction with the Haags. The agreement explicitly stated that the broker's commission would become "due and payable * * * as, if and when title passes, except for the willful default on the part of the seller, in which case the commission shall be payable upon demand after said default". Although the defendant failed to sign the agreement before the instant dispute arose, he does not contest the terms of the agreement. The plaintiff did not submit an affidavit by anyone with personal knowledge of the facts or any other evidentiary proof to show that the language of the broker's commission agreement was other than that the commission would be earned only if and when title passed *(see, Graff v Billet,* 64 NY2d 899).

In addition, the proposed contract of sale had been rejected by the defendant as containing a number of terms and conditions which were unacceptable to him. He had also returned the prospective purchasers' down payment check to them as it was drawn on a company account which he found objectionable. Nor had a firm agreement been reached on the purchase price. In short, there had been no meeting of the minds between the defendant and the purchasers as to the sale of the property.

Accordingly, since title did not pass, without any evidence of a willful default on the part of the defendant, the defendant was entitled to summary judgment in his favor *(Graff v Billet,*

*supra).* Moreover, the plaintiff's papers in opposition to the defendant's motion were insufficient to justify the denial of the motion in order to allow the plaintiff discovery *(see,* CPLR 3212 [b]; *Chemical Bank v PIC Motors Corp.,* 58 NY2d 1023, 1026). Mangano, J. P., Bracken, Spatt and Balletta, JJ., concur.