■ JOHN Q. NASI et al., Appellants, v JOHN GIRAUDIN et al., Respondents.—Levine, J. Appeals (transferred to this court by order of the Appellate Division, Second Department) (1) from an order of the Supreme Court (Ingrassia, J.), entered April 10, 1989 in Orange County, which, *inter alia,* granted defendants' motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered July 5, 1989 in Orange County, which denied plaintiffs' motion to renew and reargue the prior motion.

On July 13, 1986 plaintiff John Q. Nasi (hereinafter plaintiff) was allegedly injured when the car he was driving was struck from the rear by a car driven by defendant John Giraudin and owned by defendants John Olin and Maureen Olin. Several hours after the accident, plaintiff sought treatment at a hospital emergency room for pain in his back and neck. Plaintiff was subsequently diagnosed as having acute cervical and lumbar strains, spondylolisthesis and cervical spondylosis disk disease.

Plaintiff commenced this action against defendants alleging that he had sustained a serious injury under Insurance Law § 5102 (d), his primary ground for establishing a serious injury being that he was unable to perform most of his normal and customary activities for a period of at least 90 days during the first 180 days after the accident. After joinder of issue and depositions, defendants moved for summary judgment dismissing the complaint on the ground that plaintiff had not met the threshold serious injury requirement. In support of their motion, defendants submitted an attorney's affirmation which contained excerpts of plaintiff's deposition testimony, the summons and complaint, the verified bill of particulars, the hospital record from plaintiff's emergency room visit and two unsworn medical reports. Plaintiff opposed defendants' motion and cross-moved for summary judgment in his favor. Supreme Court granted defendants' motion and denied plaintiff's cross motion, finding that plaintiff had failed to sufficiently detail what constituted his usual and customary daily activities during the 180-day period following the accident and, thus, the threshold requirement of serious injury had not been established. Plaintiff appeals from Supreme Court's order granting summary judgment to defendants and also from an order of Supreme Court which denied his motion for renewal and reargument.

The order granting summary judgment to defendants must be reversed because defendants' submissions were inadequate to establish a prima facie defense to plaintiff's action. Defendants rely on plaintiff's verified bill of particulars, indicating that plaintiff was confined to bed for only five days immediately following the accident and that plaintiff lost only a few days from work in the relevant six-month period, as evidence disproving, as a matter of law, that plaintiff suffered a significant restriction in his daily activities for 90 days within the first 180 days following the accident. It is evident from the record, however, that plaintiff's employment as a schoolteacher did not require him to report to work during the summer months which followed the accident, and that it is this period which plaintiff primarily relies on to satisfy the serious injury requirement. In addition, the portions of plaintiff's deposition testimony to which defendants refer amounts to no more than an acknowledgment by plaintiff that his condition has gradually improved over a period of several years. The only other submission in admissible form and, thus, properly considered in support of the motion is the hospital record (see, Savage v Delacruz, 100 AD2d 707, 708; La Frenire v Capital Dist. Transp. Auth., 96 AD2d 664, 665; but cf., Palmer v Amaker, 141 AD2d 622, 623). This piece of evidence indicates only that plaintiff sought medical treatment for back pain within hours of the accident and does not aid defendants on their motion. Finally, in recognition of the practice of the Second Department, from which this appeal originated, to consider unsworn medical reports for summary judgment purposes in threshold cases (see, Palmer v Amaker, supra), we observe that a reversal would still be required because the reports do not in any way disprove the existence of a serious injury.

We find plaintiff's further contention that his cross motion for summary judgment should have been granted to be without merit. We agree with Supreme Court's determination that plaintiff failed to sufficiently detail through proper evidentiary submissions what were his normal and customary daily activities during the 180-day period following the accident and, thus, it could not be determined whether he was unable to engage in substantially all of such material activities for 90 days within that period. Plaintiff's evidence of significant limitation of use of a body function or system was also inadequate to merit summary judgment in his favor.

Finally, plaintiff argues that Supreme Court erred in denying his motion for leave to renew and reargue the motion and

cross motion for summary judgment. To the extent that plaintiff's motion be deemed one for renewal, it was properly denied due to the absence of a reasonable excuse for plaintiff's failure to adduce the additional evidence at the time of the original motions (see, Martini v Asmann, 146 AD2d 571).

Order entered April 10, 1989 modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for summary judgment; said motion denied; and, as so modified, affirmed.

Order entered July 5, 1989 affirmed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.