■ LEROY MARSHALL, Plaintiff, v MARIA ARIAS et al., Defendants and Third-Party Plaintiffs-Respondents. MARTIN WATTENBERG et al., Third-Party Defendants-Appellants. [784 NYS2d 589]—

In an action to recover damages for personal injuries, the third-party defendants appeal from an order of the Supreme Court, Queens County (Schulman, J.), dated November 3, 2003, which denied their motion for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the third-party complaint is dismissed.

In support of their motion for summary judgment on the ground that the plaintiff did not suffer a "grave injury" within the meaning of Workers' Compensation Law § 11, the appellants relied, inter alia, upon the plaintiff's verified bill of particulars specifying the nature of his physical injuries, none of which constituted a "grave injury" within the meaning of the statute. In opposition, the defendants third-party plaintiffs submitted no evidence of any additional injuries. The Supreme Court denied the appellants' motion on the ground that they

failed to submit competent medical evidence, that the plaintiff's injuries do not rise to the level of grave injuries within the meaning of Workers' Compensation Law § 11. We reverse.

The appellants, as movants for summary judgment, bore the burden of establishing their entitlement to judgment as a matter of law by submitting evidence in admissible form (see *Fitzpatrick v Chase Manhattan Bank,* 285 AD2d 487 [2001]), which may include a verified bill of particulars (see *Aguirre v Castle Am. Constr.,* 307 AD2d 901 [2003]; *Nasi v Giraudin,* 162 AD2d 805 [1990]). Under the circumstances of this case, the plaintiff's verified bill of particulars established, prima facie, the appellants' entitlement to judgment as a matter of law. In opposition, the respondents failed to raise a triable issue of fact. Ritter, J.P., Goldstein, Adams and Crane, JJ., concur.