■ THOMAS GESUALE, Appellant, v CAMPANELLI & ASSOCIATES, P.C., et al., Respondents. [7 NYS3d 192]—

In an action, inter alia, to recover damages for fraud and tortious interference with contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Spinner, J.), entered May 13, 2013, which denied, as academic, his motion to strike the defendants' answer and thereupon award him judgment, and granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying, as academic, the plaintiff's motion to strike the defendants' answer and thereupon award him judgment, and substituting therefor a provision denying the plaintiff's motion on the merits; as so modified, the order is affirmed, with costs payable by the plaintiff to the defendants.

The Supreme Court erred in concluding that the plaintiff's motion to strike the defendants' answer was rendered aca-

demic in light of its determination. In the interest of judicial economy, we deem it appropriate to address the plaintiff's motion on the merits, rather than to remit the matter to the Supreme Court, Suffolk County, to do so (see *Nisimova v Starbucks Corp.*, 108 AD3d 513, 514 [2013]). The Supreme Court should have denied the plaintiff's motion on the merits because the plaintiff failed to demonstrate that the defendants willfully and contumaciously refused to comply with discovery requests (see *MacKenzie v City of New York*, 125 AD3d 821 [2015]; *Palmieri v Piano Exch., Inc.*, 124 AD3d 611 [2015]).

On a motion for summary judgment, the moving party has the initial burden of coming forward with sufficient proof in admissible form to enable the court to determine that it is entitled to judgment as a matter of law (see CPLR 3212; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). If the moving party makes a prima facie showing of its entitlement to judgment as a matter of law, "the burden shifts to the opposing party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*Garnham & Han Real Estate Brokers v Oppenheimer*, 148 AD2d 493, 494 [1989]). The moving papers must be viewed in the light most favorable to the nonmoving party (see *id.*).

The defendants established their prima facie entitlement to judgment as a matter of law. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint. Dillon, J.P., Dickerson, Chambers and Roman, JJ., concur.