Sucre v Consolidated Edison Co. of N.Y., Inc. (2020 NY Slip Op 03377)





Sucre v Consolidated Edison Co. of N.Y., Inc.


2020 NY Slip Op 03377


Decided on June 17, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-01673
 (Index No. 15224/11)

[*1]Jennifer J. Sucre, etc., appellant, 
v
Consolidated Edison Company of New York, Inc., et al., respondents, et al., defendant.


Abbott Bushlow & Schechner, LLP, Ridgewood, NY (Bruce E. Bushlow and Matthew A. Kaplan of counsel), for appellant.
Nadine Rivellese, New York, NY (Stephen T. Brewi of counsel), for respondents.



DECISION & ORDER
In a consolidated action to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered January 6, 2017. The order, insofar as appealed from, granted that branch of the motion of the defendants Consolidated Edison Company of New York, Inc., and Consolidated Edison, Inc., which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them, and denied, as academic, the plaintiff's cross motion for summary judgment on the issue of liability insofar as asserted against those defendants.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendants Consolidated Edison Company of New York, Inc., and Consolidated Edison, Inc., which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them is denied, and the plaintiff's cross motion for summary judgment on the issue of liability insofar as asserted against the defendants Consolidated Edison Company of New York, Inc., and Consolidated Edison, Inc., is denied on the merits.
The plaintiff, the administratrix of the estate of the decedent, commenced this wrongful death action against, among others, the defendants Consolidated Edison Company of New York, Inc., and Consolidated Edison, Inc. (hereinafter together Con Edison), alleging, inter alia, that Con Edison negligently caused the decedent's death. According to the plaintiff, the decedent was electrocuted to death while working as a self-employed roofing contractor. The plaintiff alleged that the decedent had been repairing the roof of the home of a client when he came into contact with an uninsulated, exposed electrical wire leading from his client's home to Con Edison's electrical lines. According to the plaintiff, Con Edison negligently caused the decedent's death by allowing and permitting the installation and connection of its electrical lines to the homeowner's electrical wires in a manner that was improper and not in compliance with applicable code standards. The plaintiff contends that, as a result, the wires became unsafe, defective, and dangerous to individuals such as the decedent who reasonably could be foreseen to be working near those wires.
Con Edison moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it, on the ground that it did not owe a duty to the decedent or, in the alternative, for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff cross-moved for summary judgment on the issue of liability insofar as asserted against Con Edison. The Supreme Court, inter alia, granted that branch of Con Edison's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it and denied, as academic, the plaintiff's cross motion.
The Supreme Court should have denied that branch of Con Edison's motion which was pursuant to CPLR 3211(a)(7). "In determining a motion for failure to state a cause of action, the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Miglino v Bally Total Fitness of Greater N.Y., Inc., 92 AD3d 148, 158, affd 20 NY3d 342, quoting Leon v Martinez, 84 NY2d 83, 87-88). In order to succeed on its motion to dismiss, Con Edison had to establish that the complaint fails to state a viable cause of action (see Leon v Martinez, 84 NY2d at 88). Here, Con Edison contended, inter alia, that it owed no duty to the decedent.
"[T]he existence and scope of a duty is a question of law requiring courts to balance sometimes competing public policy considerations" (Espinal v Melville Snow Contrs., 98 NY2d 136, 138; see Palka v Servicemaster Mgt. Servs. Corp., 83 NY2d 579, 584-585). Contrary to Con Edison's contention, it failed to establish that it owed no duty to the decedent (see Garda v Paramount Theatre, LLC, 145 AD3d 964, 966). Viewing the allegations in the light most favorable to the plaintiff, since the plaintiff alleged that Con Edison authorized the installation of an improper and non code-compliant connection between its electrical lines and the homeowner's electrical system, such actions gave rise to Con Edison's duty to the decedent who reasonably could be expected to come into contact with the property's electrical wires (see Espinal v Melville Snow Contrs., 98 NY2d at 140; see also Miner v Long Is. Light. Co., 40 NY2d 372, 378). Thus, Con Edison did not establish that the plaintiff failed to state a cause of action to recover damages for negligence.
However, we agree with the Supreme Court's denial of the plaintiff's cross motion for summary judgment on the issue of liability insofar as asserted against Con Edison, albeit on different grounds. "Summary judgment is a drastic remedy that deprives a litigant of his or her day in court, and it should only be employed when there is no doubt as to the absence of triable issues'" (Kolivas v Kirchoff, 14 AD3d 493, 493, quoting Andre v Pomeroy, 35 NY2d 361, 364). Here, the conflicting expert opinions regarding the applicable code and standards at the time of the electric service installation and whether Con Edison breached its duty by authorizing an unsafe installation and hookup of its electrical lines to the homeowner's premises create material and triable issues of fact that preclude summary judgment (see Urias v Daniel P. Buttafuoco & Assoc., PLLC, 173 AD3d 1244, 1246; Mangano v Town of Babylon, 111 AD3d 801, 802).
Con Edison's remaining contentions are without merit.
BALKIN, J.P., COHEN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court