Skrok v Grand Loft Corp. (2023 NY Slip Op 03878)

Skrok v Grand Loft Corp.

2023 NY Slip Op 03878

Decided on July 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2021-03087
 (Index No. 509342/19)

[*1]Marcin Skrok, plaintiff, 
v
Grand Loft Corp., defendant/ third-party plaintiff/third third-party plaintiff-respondent, CNR Group ECS, LLC, defendant/third-party defendant/ second third-party plaintiff-respondent; GRT Construction Corp., second third-party defendant/third third-party defendant-appellant.

Kenney Shelton Liptak Nowak LLP, White Plains, NY (Deborah A. Summers of counsel), for second third-party defendant/third third-party defendant-appellant.
Bartlett LLP, Central Islip, NY (Matthew J. Minero of counsel), for defendant/third-party plaintiff/third third-party plaintiff-respondent.
Marshall Conway Bradley Gollub & Weissman, P.C., New York, NY (Lauren R. Turkel of counsel), for defendant/third-party defendant/second third-party plaintiff-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, and third-party actions, inter alia, for contribution and indemnification, the second third-party defendant/third third-party defendant, GRT Construction Corp., appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated March 23, 2021. The order denied the motion of the second third-party defendant/third third-party defendant for summary judgment dismissing the second third-party complaint and the third third-party complaint.
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion of the second third-party defendant/third third-party defendant which were for summary judgment dismissing the causes of action in the second third-party complaint for contribution and common-law indemnification, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, with one bill of costs to the appellant payable by the defendant/third-party defendant/second third-party plaintiff, CNR Group ECS, LLC, and one bill of costs to the defendant/third-party plaintiff/third third-party plaintiff, Grand Loft Corp., payable by the appellant.
In January 2018, the defendant/third-party defendant/second third-party plaintiff CNR Group ECS, LLC (hereinafter CNR), and the second third-party defendant/third third-party defendant GRT Construction Corp. (hereinafter GRT) entered into a Master Subcontract Agreement. The Master Subcontract Agreement provided that CNR "intend[ed] to engage [GRT] in connection with one or more construction and/or maintenance projects." The Master Subcontract Agreement further provided: "CNR and [GRT] recognize that the projects and/or the scopes thereof are not sufficiently defined to allow the recitation thereof in this Agreement, but that the parties have agreed that this Agreement shall serve as a 'Master Agreement,' the terms of which shall apply to all Projects for which a Work Order (as defined herein) has been executed by CNR and [GRT]." The Master Subcontract Agreement contained provisions requiring GRT, inter alia, to procure commercial [*2]general liability insurance naming CNR as an additional insured and to defend and indemnify, among others, CNR and the "Owner" for any claims "arising out of [GRT's] activities on the Project, pursuant to a Work Order and/or under this Agreement."
In October 2018, CNR retained GRT to perform chimney renovation work (hereinafter the chimney renovation project) on premises allegedly owned by the defendant/third-party plaintiff/third third-party plaintiff Grand Loft Corp. (hereinafter Grand Loft). A proposal dated October 10, 2018, for the chimney renovation project was provided to CNR by GRT, and approved by CNR on October 17, 2018 (hereinafter the Chimney Rebuilding Agreement). On January 11, 2019, the plaintiff, an employee of GRT, allegedly was injured while performing work on the chimney renovation project. Subsequently, the plaintiff commenced this action against Grand Loft and CNR, alleging common-law negligence and violations of the Labor Law. Grand Loft commenced a third-party action against CNR, asserting causes of action for contribution and common-law indemnification. CNR commenced a second third-party action against GRT, asserting causes of action for contribution, common-law indemnification, contractual indemnification, and breach of contract based on GRT's alleged failure to procure insurance. Grand Loft commenced a third third-party action against GRT for contractual indemnification.
GRT moved for summary judgment dismissing the second third-party complaint and the third third-party complaint. GRT argued that the third-party contractual indemnification and failure to procure insurance causes of action should be dismissed because the Chimney Rebuilding Agreement was not a "Work Order" under the terms of the Master Subcontract Agreement, and, therefore, the Master Subcontract Agreement, including its indemnification and insurance procurement provisions, did not apply to the chimney renovation project. GRT contended that the chimney renovation project was a stand-alone project, governed exclusively by the Chimney Rebuilding Agreement. Additionally, GRT argued that the plaintiff did not allege that he suffered a "grave injury," and, therefore, the causes of action in the second third-party complaint for common-law indemnification and contribution were barred by Workers' Compensation Law § 11. By order dated March 23, 2021, the Supreme Court denied GRT's motion. GRT appeals.
"While the meaning of a contract is ordinarily a question of law, when a term or clause is ambiguous and the determination of the parties' intent depends upon the credibility of extrinsic evidence or a choice among inferences to be drawn from extrinsic evidence, then the issue is one of fact" (Amusement Bus. Underwriters v American Intl. Group, 66 NY2d 878, 880-881; see Vaughan v Triumphant Church of Jesus Christ, 193 AD3d 1104). "Whether such an ambiguity exists is a question for the court" (Amusement Bus. Underwriters v American Intl. Group, 66 NY2d at 881).
Here, GRT failed to establish its prima facie entitlement to judgment as a matter of law dismissing the contractual indemnification and breach of contract causes of action in the second third-party complaint, and the contractual indemnification cause of action in the third third-party complaint. The Master Subcontract Agreement is ambiguous as to whether its terms apply to the Chimney Rebuilding Agreement (see generally Rapp v 136 Oak Dr. Assoc., 70 AD3d 914, 916), and GRT failed to eliminate triable issues of fact as to whether the indemnification and insurance procurement provisions of the Master Subcontract Agreement applied to the chimney rebuilding project on which the plaintiff was working at the time of the accident. Since GRT failed to establish its prima facie entitlement to judgment as a matter of law, those branches of its motion which were for summary judgment dismissing the contractual indemnification and breach of contract causes of action in the second third-party complaint, and the contractual indemnification cause of action in the third third-party complaint, were properly denied, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, the Supreme Court should have granted those branches of GRT's motion which were for summary judgment dismissing the causes of action in the second third-party complaint for contribution and common-law indemnification. "An employer's liability for an on-the-job injury is generally limited to workers' compensation benefits, but when an employee suffers a 'grave injury' the employer also may be liable to third parties for indemnification or contribution" (Rubeis v Aqua Club, Inc., 3 NY3d 408, 412-413; see Workers' Compensation Law § 11; Cioffi v S.M. Foods, Inc., 178 AD3d 1006, 1013). Here, GRT established its prima facie entitlement to judgment as a matter of law dismissing the causes of action in the second third-party [*3]complaint for contribution and common-law indemnification by submitting the plaintiff's bill of particulars specifying the nature of his physical injuries, none of which constituted a grave injury within the meaning of the statute (see Picaso v 345 E. 73 Owners Corp., 101 AD3d 511; Marshall v Arias, 12 AD3d 423). In opposition, CNR failed to raise a triable issue of fact (see Marshall v Arias, 12 AD3d at 423-424).
The parties' remaining contentions are either without merit or not properly before this Court.
BRATHWAITE NELSON, J.P., CHAMBERS, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court