Sanchez v Ageless Chimney, Inc. (2023 NY Slip Op 04329)

Sanchez v Ageless Chimney, Inc.

2023 NY Slip Op 04329

Decided on August 16, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 16, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
HELEN VOUTSINAS, JJ.

2022-00591
 (Index No. 603108/20)

[*1]Philip A. Sanchez, et al., respondents, 
v
Ageless Chimney, Inc., et al., appellants.

DeSena & Sweeney, LLP, Bohemia, NY (Ronni Robbins Kravatz of counsel), for appellants.
Rand P. Schwartz, Massapequa Park, NY (Scott J. Gilmore of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered December 27, 2021. The order granted the plaintiffs' motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
On February 22, 2020, a motorcycle operated by Philip A. Sanchez (hereinafter the injured plaintiff) and a commercial truck owned by the defendant Ageless Chimney, Inc., and operated by the defendant Thomas William Bruno collided near the intersection of Hicksville Road and Bayberry Lane in Massapequa. Hicksville Road is a two-way roadway, separated by a common turning lane in the center, and there is no traffic control device governing Hicksville Road at its intersection with Bayberry Lane. There is a stop sign governing traffic on Bayberry Lane at its intersection with Hicksville Road. The accident occurred when the injured plaintiff, traveling southbound on Hicksville Road, collided with the defendants' truck, which was turning left from the stop sign controlling eastbound traffic on Bayberry Lane to proceed northbound on Hicksville Road.
The injured plaintiff, and his wife suing derivatively, commenced this action to recover damages for injuries allegedly sustained as a result of the accident. The plaintiffs moved for summary judgment on the issue of liability. In an order entered December 27, 2021, the Supreme Court granted the motion. The defendants appeal.
"[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324; see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). If the movant makes a prima facie showing, the burden shifts to the opposing party to produce evidence establishing the existence of material issues of fact which require a trial on that issue (see Alvarez v Prospect Hosp., 68 NY2d at 324; Zuckerman v City of New York, 49 NY2d 557, 562). "A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034; see Jaipaulsingh v Umana, 208 AD3d 765, 766; Shah v MTA Bus Co., 201 AD3d 833, 834; Hai Ying Xiao v Martinez, 185 AD3d 1014, 1014).
A violation of the Vehicle and Traffic Law constitutes negligence as a matter of law (see Vainer v DiSalvo, 79 AD3d 1023, 1024). "Pursuant to Vehicle and Traffic Law § 1142(a), a driver entering an intersection controlled by a stop sign must yield the right-of-way to any other vehicle that is already in the intersection or that is approaching so closely as to constitute an immediate hazard" (Cruz v DiSalvo, 188 AD3d 986, 987; see Vehicle and Traffic Law § 1142[a]; Shvydkaya v Park Ave. BMW Acura Motor Corp., 172 AD3d 1130, 1131). If one party has established that the other party has committed negligence per se, the burden then falls to the opposing party to refute the factual allegations or to submit a nonnegligent explanation for the action (see Orellana v Mendez, 208 AD3d 888, 889; Arbizu v REM Transp., Inc., 20 AD3d 375, 376). To be entitled to summary judgment on the issue of a defendant's liability, a plaintiff does not bear the burden of establishing the absence of his or her own comparative negligence (see Rodriguez v City of New York, 31 NY3d 312, 324-325; Diamond v Comins, 194 AD3d 784, 785).
Here, the plaintiffs' submissions demonstrated, prima facie, that Bruno was negligent as a matter of law in violating Vehicle and Traffic Law § 1142(a) when, after stopping at the stop sign and before entering the intersection to make his left turn, he failed to yield the right-of-way to the injured plaintiff's oncoming motorcycle, which faced no traffic control device, and that such negligence was the proximate cause of the accident (see Higgins v Stelmach, 208 AD3d 1165, 1166-1167; Orellana v Mendez, 208 AD3d at 890; Balladares v City of New York, 177 AD3d 942, 944; Maliza v Puerto-Rican Transp. Corp., 50 AD3d 650, 651-652).
In opposition, the defendants failed to raise a triable issue of fact. The defendants failed to offer a nonnegligent explanation for Bruno's violation of Vehicle and Traffic Law § 1142(a), as Bruno testified during his deposition that he saw the injured plaintiff's motorcycle approaching and still chose to proceed into the intersection (see Sapienza v Harrison, 191 AD3d 1028, 1030; Butt v Lockwood, 173 AD3d 962, 963). The defendants' contention that the accident was the result of the injured plaintiff's failure to yield to the defendants' truck would speak to the plaintiffs' comparative fault, not the defendants' liability (see Rodriguez v City of New York, 31 NY3d at 320; Orellana v Mendez, 208 AD3d at 890; McRae v City of New York, 208 AD3d 775, 776).
The defendants' remaining contention is improperly raised for the first time on appeal.
Accordingly, the Supreme Court properly granted the plaintiffs' motion for summary [*2]judgment on the issue of liability.
BRATHWAITE NELSON, J.P., GENOVESI, WARHIT and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court