## Rivera v Bedford Court Local Dev. Corp.

2025 NY Slip Op 30394(U)

January 31, 2025

Supreme Court, Kings County

Docket Number: Index No. 505720/2020

Judge: Ingrid Joseph

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 83 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 31st day of January, 2025.

P R E S E N T: HON. INGRID JOSEPH, J.S.C.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---------------------------------------------------------------------------X

LUIS RIVERA,

                             Plaintiff,

               -against-

BEDFORD COURTS LOCAL DEVELOPMENT
CORPORATION, BEDFORD COURTS III LLC,
BEDFORD COURTS III DEVELOPER LLC,
BEDFORD COURTS I LLC, BEDFORD COURTS
I DEVELOPER LLC, CITY OF NEW YORK AND
ARMORY BUILDER III, LLC

                            Defendants.

Index No.: 505720/2020

**DECISION AND ORDER**

(Motion Seq. No. 5)

---------------------------------------------------------------------------X
BEDFORD COURTS LOCAL DEVELOPMENT
CORPORATION, BEDFORD COURTS III LLC,
BEDFORD COURTS III DEVELOPER LLC,
BEDFORD COURTS I LLC, BEDFORD COURTS
I DEVELOPER LLC,

                        Third-Party Plaintiffs,

               -against-

CONCRETE SUPERSTRUCTURES, INC.,

                        Third-Party Defendant.

---------------------------------------------------------------------------X

[* 1]

```
--------------------------------------------------------------------X
```
BEDFORD COURTS LOCAL DEVELOPMENT
CORPORATION, BEDFORD COURTS III LLC,
BEDFORD COURTS III DEVELOPER LLC,
BEDFORD COURTS I LLC, BEDFORD COURTS
I DEVELOPER LLC,

                                        Second Third-Party Plaintiffs,

                -against-

CONCRETE STRUCTURES, INC.,

                                        Second Third-Party Defendant.
```
--------------------------------------------------------------------X
```

| The following e-filed papers read herein: | NYSCEF Doc Nos. |
|---|---|
| Notice of Motion/Affirmation in Support/Exhibits……………....…………. | 101 – 124 |
| Affirmation and Affidavit in Opposition……..……………………………. | 127 – 128 |
| Affirmation in Reply………………....………………………………….… | 136 |

Plaintiff Luis Rivera ("Plaintiff") commenced this action seeking to recover damages for personal injuries sustained on February 28, 2020. Upon the foregoing papers, Plaintiff moves for an order, pursuant to CPLR 3212, granting partial summary judgment in Plaintiff's favor on his Labor Law §§ 240 (1) and 241 (6) causes of action (Mot. Seq. No. 5). Defendants Bedford Courts Local Development Corporation, Bedford Courts III LLC, Bedford Courts III Developer LLC, Bedford Courts I LLC, Bedford Courts I Developer LLC, City of New York and Armory Builder III, LLC (collectively, "Defendants") oppose Plaintiff's motion.

In his motion, Plaintiff asserts that at the time of the accident, he was walking on a scaffold when unsecured planks shifted and moved, causing him to fall. Plaintiff was wearing a harness and 6-foot lanyard. Since he fell from a height, Plaintiff asserts that the owner and general contractor are strictly liable under Labor Law § 240 (1). In addition, Plaintiff argues that Defendants' failure to provide him with a proper fall arrest system constitutes a prima facie violation of Labor Law § 241 (6), predicated upon Industrial Code § 23-1.16 (b). In opposition, Defendants contend that Plaintiff was provided with a harness and lanyard, as well as anchor points to attach his lanyard onto. Since Plaintiff chose to walk across the scaffold detached from any anchor point, Defendants maintain that Plaintiff is the sole proximate cause of the accident.

2

[* 2]

"Summary judgment is a drastic remedy that deprives a litigant of his or her day in court, and it 'should only be employed when there is no doubt as to the absence of triable issues of material fact'" (*Kolivas v Kirchoff*, 14 AD3d 493, 493 [2d Dept 2005], citing *Andre v Pomeroy*, 35 NY2d 361, 364 [1974]; *see Sucre v Consolidated Edison Co. of N.Y., Inc.*, 184 AD3d 712, 714 [2d Dept 2020]). "The proponent for the summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate absence of any material issues of fact" (*Sanchez v Ageless Chimney Inc.*, 219 AD3d 767, 768 [2d Dept 2023], citing *Alvarez v Prospect Hospital*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Once a moving party has made a prima facie showing of its entitlement to summary judgment, the burden shifts to the opposing party to produce admissible evidence to establish the existence of material issues of fact which require a trial for resolution (*see Gesuale v Campanelli & Assocs.*, 126 AD3d 936, 937 [2d Dept 2015]; *Garnham & Han Real Estate Brokers v Oppenheimer*, 148 AD2d 493, 494 [2d Dept 1989]). Failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (*see Winegrad*, 64 NY2d at 853; *Skrok v Grand Loft Corp.*, 218 AD3d 702 [2d Dept 2023]; *Menzel v Plotnick*, 202 AD2d 558, 558-559 [2d Dept 1994]).

Labor Law § 240 (1) applies to accidents and injuries that directly flow from the application of the force of gravity to an object or to the injured worker performing a protected task (*see Gasques v State of New York*, 15 NY3d 869 [2010]; *Vislocky v City of New York*, 62 AD3d 785, 786 [2d Dept 2009], *lv dismissed* 13 NY3d 857 [2009]). It is uncontested that Plaintiff was "subjected to the elevation-related risk of the wooden plank which broke suddenly, causing the injured plaintiff to fall" (*Amaro v New York City School Constr. Auth.*, 229 AD3d 746, 748 [2d Dept 2024]. Defendant concedes that in the area where Plaintiff was, there were no anchor points from which Plaintiff could attach his lanyard (*see Garzon v Viola*, 124 AD3d 715, 716 [2d Dept 2015]). Thus, it cannot be said that Plaintiff was a recalcitrant worker (*id.*). Regardless, his comparative negligence, if any, is not a defense to claim under this statute (*see Roblero v Bais Ruchel High Sch., Inc.*, 175 AD3d 1446, 1447 [2d Dept 2019], citing *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 286 [2003]). Thus, Plaintiff is entitled to summary judgment on his Labor Law § 240 (1) cause of action.

3

[* 3]

Under Labor Law § 241 (6) cause of action, an owner, general contractor or their agent may be held vicariously liable for injuries to a plaintiff where the plaintiff establishes that the accident was proximately caused by a violation of an Industrial Code section stating a specific positive command that is applicable to the facts of the case (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 349-350 [1998]; *Honeyman v Curiosity Works, Inc.*, 154 AD3d 820, 821 [2d Dept 2017]). Industrial Code § 23-1.16 (b) requires that a worker using a harness have an appropriate secure location to tie off his or her tail line and that such "attachments shall be so arranged that if the user should fall such fall shall not exceed five feet." The Court finds that Plaintiff met his prima facie burden demonstrating that Defendants violated Section 23-1.16 (b) by failing to provide a lifeline or a proper place on which to tie off a harness (*see King v Villette*, 155 AD3d 619, 623 [2d Dept 2017]; *Anderson v MSG Holdings, L.P.*, 146 AD3d 401, 404-405 [1st Dept 2017], *lv dismissed* 29 NY3d 1100 [2017]; *Hoffman v SJP TS, LLC*, 111 AD3d 467, 467 [1st Dept 2013]). Accordingly, the Court finds that plaintiff has made a prima facie demonstration of his entitlement to summary judgment on his Labor Law § 241 (6) cause of action, predicated upon a violation of Industrial Code § 23-1.16 (b). In opposition, Defendants fail to raise a triable issue of fact.

Thus, it is hereby

ORDERED, that Plaintiff's motion (Mot. Seq. No. 5) for an order granting partial summary judgment as to his Labor Law §§ 240 (1) and 241 (6) claims is granted.

This constitutes the decision and order of the court.

_____
Hon. Ingrid Joseph, J.S.C.
Hon. Ingrid Joseph
Supreme Court Justice

4

[* 4]