**Adame v Baychester Retail III LLC**

2025 NY Slip Op 34400(U)

November 17, 2025

Supreme Court, Kings County

Docket Number: Index No. 509735/2017

Judge: Ingrid Joseph

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 83 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 17ᵗʰ day of November, 2025.

P R E S E N T: HON. INGRID JOSEPH, J.S.C.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------------X
PEDRO ANTONIO ADAME,

                        Plaintiff,

        -against-

BAYCHESTER RETAIL III LLC, and
TPG CONSTRUCTION MANAGEMENT LLC,

                        Defendants.
-------------------------------------------------------------------------X
BAYCHESTER RETAIL III LLC, and
TPG CONSTRUCTION MANAGEMENT LLC,

                        Third-Party Plaintiffs,

        -against-

F. JAGROOP INTERIOR CORP., EXCELARATE
INSURANCE AGENCY INC. and RAJEEV AERY,

                        Third-Party Defendants.

-------------------------------------------------------------------------X

Index No.: 509735/2017

**DECISION AND ORDER**
(Mot. Seq. No. 13)

The following e-filed papers read herein:         NYSCEF Doc Nos.

| | |
|---|---|
| Notice of Motion/Affirmation in Support/Memorandum of Law/ Exhibits........................................................................... | 189 – 199 |
| Affirmation in Opposition/Memorandum of Law/Exhibits............. | 200 – 203 |
| Reply Affirmation...................................................................... | 204 |
| Affirmation in Opposition.......................................................... | 205 |

[* 1]

Upon the foregoing papers, Plaintiff Pedro Antonio Adame ("Plaintiff") moves, pursuant to CPLR 3212, for summary judgment on his Labor Law § 240 (1) cause of action (Mot. Seq. No. 13). Defendants Baychester Retail III LLC ("Baychester") and TPG Construction Management LLC ("TPG") (collectively, "Defendants") and third-party defendant F. Jagroop Interior Corp. ("Jagroop Interior") oppose the motion.

This matter involves an accident that occurred on March 28, 2017, at a construction site located at 500 Baychester Avenue in The Bronx, New York (the "Premises"). The Premises is owned by Baychester. TPG was the general contractor for the construction project. Jagroop Interior was hired by TPG as a sub-contractor. On the date of the accident, Plaintiff testified that he was tasked with laying blocks to form a wall at the Premises. To do so, Plaintiff testified that he had to use a pipe scaffold given to him by Jaguno, his supervisor. On the morning of the accident, Plaintiff testified that he built the scaffold with the "helper". Plaintiff testified that he never had any complaints about the scaffold. According to Plaintiff, while he was standing on the scaffold, Jaguno told him to build another scaffold to put blocks further up. Jaguno then took off the crosses that are used as supports for the poles on the scaffold, causing the scaffold and Plaintiff to fall.

In his motion, Plaintiff argues that he is entitled to summary judgment on his Labor Law § 240 (1)[1] cause of action. Plaintiff contends that since he was performing masonry work, he was engaged in a covered activity contemplated by this statute. In addition, since Baychester is the owner and TPG is the general contractor, Plaintiff contends that Defendants are statutorily liable for the violation of this section. Finally, Plaintiff asserts that the scaffold was inadequate and improperly secured since it collapsed upon Jaguno's removal of one of the cross-braces.

In opposition, Defendants aver that there are several issues of fact precluding summary judgment, including whether Plaintiff ever worked at the Premises.[2] In support, Defendants cite to the deposition transcript of Stephen Jagroop, who owns Jagroop Interior. Mr. Jagroop testified that Jagroop Interior's tasks included laying concrete blocks to the exterior of the building. In addition, Mr. Jagroop stated that he was always on site when his workers were there. According to Mr.

---

[1] Labor Law § 240 (1), states, in relevant part:
> All contractors and owners and their agents . . . in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed (Labor Law § 240 [1]).

[2] The Court notes that while Defendants aver that there are multiple issues of fact, they only address one—whether Plaintiff was ever at the Premises.

[* 2]

Jagroop, his workers did not sustain any injuries at the Premises. Mr. Jagroop further stated that he does not know anyone named Pedro Antonio Adame and that Pedro Antonio Adame never worked for Jagroop Interior. In addition, Defendants' witness Michael Davis testified that Defendants did not (a) visit the site every workday, (b) provide scaffolding or ladders, or (c) supervise Jagroop Interior's workers or tell them what to do.

In reply, Plaintiff contends that Defendants have failed to raise a triable issue of fact. According to Plaintiff, despite Mr. Jagroop's testimony, there is no bona fide challenge to Plaintiff's credibility as to a material fact concerning how the accident happened. Plaintiff points out that Mr. Jagroop would hire workers at Home Depot and did not ask for identification or maintain any records of who was working on site on a daily basis. Since Mr. Jagroop does not have knowledge of the accident, Plaintiff maintains that his testimony is unrefuted.

Jagroop Interior also filed an opposition, noting that the scaffold did not fail to perform its function and did not inadequately provide protection since Plaintiff testified that his supervisor removed the cross-basing and caused the scaffolding to collapse.

"Summary judgment is a drastic remedy that deprives a litigant of his or her day in court, and it 'should only be employed when there is no doubt as to the absence of triable issues of material fact'" (*Kolivas v Kirchoff*, 14 AD3d 493, 493 [2d Dept 2005], citing *Andre v Pomeroy*, 35 NY2d 361, 364 [1974]; *see Sucre v Consolidated Edison Co. of N.Y., Inc.*, 184 AD3d 712, 714 [2d Dept 2020]). "A motion for summary judgment should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility" (*Ruiz v Griffin*, 71 AD3d 1112, 1115 [2d Dept 2010] [internal quotation marks and citations omitted]).

"The proponent for the summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate absence of any material issues of fact" (*Sanchez v Ageless Chimney Inc.*, 219 AD3d 767, 768 [2d Dept 2023], citing *Alvarez v Prospect Hospital*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (*see Winegrad*, 64 NY2d at 853; *Skrok v Grand Loft Corp.*, 218 AD3d 702 [2d Dept 2023]; *Menzel v Plotnick*, 202 AD2d 558, 558-559 [2d Dept 1994]).

3

[* 3]

Once a moving party has made a prima facie showing of its entitlement to summary judgment, the burden shifts to the opposing party to produce admissible evidence to establish the existence of material issues of fact which require a trial for resolution (*see Gesuale v Campanelli & Assocs.*, 126 AD3d 936, 937 [2d Dept 2015]; *Garnham & Han Real Estate Brokers v Oppenheimer*, 148 AD2d 493, 494 [2d Dept 1989]).

"The primary purpose of Labor Law § 240 (1) is to extend special protections to 'employees' or 'workers'" (*Torres v Perry St. Dev. Corp.*, 104 AD3d 672, 674 [2d Dept 2013]). To be entitled to the protections under this statute, "a plaintiff must demonstrate that he was both permitted or suffered to work on a building or structure and that he was hired by someone, be it owner, contractor or their agent" (*Whelen v Warwick Val. Civic & Social Club*, 47 NY2d 970, 971 [1979]; *see also Eliassian v G.F. Constr., Inc.*, 163 A.D.3d 528, 529 [2d Dept 2018]; *Harrison v City of NY*, 248 AD2d 592, 593 [2d Dept 1998] [finding that dismissal of Labor Law claims was appropriate where the plaintiff was "neither employed at the site nor a person lawfully frequenting the premises"]).

Here, the Court finds that there are issues of fact as to whether Plaintiff was an employee or worker for purposes of establishing liability under Labor Law § 240 (1). At his deposition, Plaintiff recalled that he worked for Jaguno at a site in The Bronx. It is undisputed that Jagroop Interior was hired, in part, to lay blocks—the same task that Plaintiff was allegedly performing. However, Mr. Jagroop testified that he has never heard Plaintiff's name or the name of Plaintiff's alleged coworker, Julio Marin. Since the question of whether Plaintiff was employed or that the incident occurred at all at the Premises cannot be resolved, Plaintiff's motion is denied.

Therefore, it is hereby

ORDERED that Plaintiff's motion (Mot. Seq. No. 13) for summary judgment on his Labor Law § 240 (1) cause of action is denied.

To the extent not specifically addressed herein, the parties' remaining contentions and arguments were considered and found to be without merit and/or moot.

This constitutes the decision and order of the court.

_____
Hon. Ingrid Joseph, J.S.C.

HON. INGRID JOSEPH

4

[* 4]