| |
|:-:|
| **Slater Group, Inc. v Great Am. Ins. Group** |
| 2026 NY Slip Op 30977(U) |
| March 20, 2026 |
| Supreme Court, Richmond County |
| Docket Number: Index No. 150640/2021 |
| Judge: Ralph J. Porzio |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND:  PART IAS 10

-----------------------------------------------------------------------------------X

SLATER GROUP, INC.,

                               Plaintiff,

               - v -

GREAT AMERICAN INSURANCE GROUP et al
                  Defendants

-----------------------------------------------------------------------------------X

**INDEX NO.**     150640/2021

**MOTION SEQ. NO.**     012

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 012) were read on this motion to/for     REARGUMENT AND RECONSIDERATION .

## BACKGROUND

Upon the foregoing papers, Plaintiff's motion (Motion Sequence 012) for leave to reargue and reconsider the Decision and Order of this Court (Porzio, J.) dated November 5, 2025 (NYSCEF Doc. Nos. 256 and 257), which granted Defendant Great American Insurance Group's ("Great American") motion for summary judgment, is granted solely to the extent that the Court has considered Plaintiff's arguments on re-argument; and upon such consideration, the Court adheres to and reaffirms its prior Decision and Order dated November 5, 2025 in all respects.

## LEGAL STANDARD AND ANALYSIS

A motion for re-argument "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion," but is not a second opportunity to present the same arguments or to express disagreement with the Court's reasoning (*Wells Fargo Bank, N.A. v. Weiss*, 237 AD3d 1003, 1004 [2d Dept 2025]; (CPLR § 2221[d][2]).

"The proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law by tendering evidence in admissible form sufficient to

1

[* 1]

eliminate any material issues of fact from the case (*Laris v City of New York*, 236 AD3d 637, 638 [2d Dept 2025]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). If the movant satisfies that burden, the burden shifts to the opposing party to produce evidentiary proof in admissible form sufficient to raise a triable issue of fact requiring a trial of the action (*Gesuale v Campanelli & Assoc., P.C.*, 126 AD3d 936, 937 [2d Dept 2015]).

In considering such a motion, the court's role is not to resolve issues of fact or determine credibility, but merely to determine whether triable issues exist, and all reasonable inferences must be drawn in favor of the nonmoving party (*Laris*, 236 AD3d at 638). Summary judgment may be granted only where it clearly appears that no material and triable issue of fact is presented, and because it is a drastic remedy that dispenses with a trial, it should not be granted where there is any doubt as to the existence of such issues or where the issue is arguable (*Glick & Dolleck, Inc. v Tri-Pac Export Corp.*, 22 NY2d 439, 441 [1968]).

Upon careful consideration, and consistent with this Court's prior Decision and Order (Porzio, J.), dated November 5, 2025, Defendants' motion for leave to reargue pursuant to CPLR 2221 is unavailing. The evidence submitted in support of Defendant Great American Insurance Group's motion for summary judgment— even when viewed in the light most favorable to the nonmoving parties—established as a matter of law that Plaintiff did not provide an operator for the rig and, therefore, the equipment constituted *Property Not Covered* under the insurance policy at issue. In opposition, Plaintiff failed to submit evidentiary proof in admissible form sufficient to raise a triable issue of fact requiring a trial of the action (*Gesuale v Campanelli & Assoc.*, P.C., 126 AD3d 936, 937 [2d Dept 2015]).

Plaintiff contends that its principal, Jerome Bivona, "testified unequivocally" that Plaintiff provided an operator for the leased equipment and that furnishing such operator was a condition

2

[* 2]

of the lease (NYSCEF Doc. No. 261). The record does not support that characterization. Mr. Bivona testified only that Plaintiff "was going to provide an operator" (NYSCEF Doc. No. 171). He further explained that this meant that once he was informed the work would proceed and the date it would commence, he *would* then supply an operator (*id.*). Mr. Bivona acknowledged that although Plaintiff contacted a prospective operator—Joseph Lupo—and provided the jobsite address, Plaintiff had not informed Mr. Lupo that the job was actually proceeding (*id.*). Plaintiff had no contract with Mr. Lupo and made no payments to him (*id.*). Mr. Lupo's deposition testimony corroborated this account and confirmed multiple times that he was "never" hired by Plaintiff (NYSCEF Doc. No. 235).

The lease agreement between Plaintiff, as lessor, and Defendant Empire Equipment Company, as lessee, further confirms that the rental "does not include charges for an operator," and that all persons operating, repairing, or maintaining the equipment are under the exclusive control of the lessee. The agreement also expressly provides that Plaintiff, as the lessor "has absolutely no control over any person operating or assisting in operating, repairing or maintaining the leased equipment" (NYSCEF Doc. No. 204).

Accordingly, as Defendant Great American—Plaintiff's insurer with respect to the equipment—correctly argues, the undisputed record establishes that the rig constituted *Property Not Covered* under the policy from the moment it was leased to Defendant Empire. The sole exception to that exclusion, that Plaintiff provide the operator, never occurred.

Moreover, to the extent Plaintiff seeks recovery for damage to the leased equipment, the lease agreement provides that the "Lessee assumes the entire risk of and liability for loss or damage to the Equipment," and further requires the lessee, at its own expense, to insure the equipment in the name and for the benefit of the lessor against all risks, including fire, flood, explosion, and

3

[* 3]

theft, and to obtain coverage for the equipment's full replacement value and provide proof of such insurance to the lessor (*id.*).

**ACCORDINGLY, IT IS HEREBY ORDERED,** that after careful reconsideration, Plaintiff's motion (Motion Sequence 012) for leave to reargue and reconsider the Decision and Order of this Court (Porzio, J.), dated November 5, 2025 (NYSCEF Doc. Nos. 256 and 257), which granted Defendant Great American Insurance Group's ("Great American") motion for summary judgment, is granted solely to the extent that the Court has considered the parties' arguments on re-argument; and it is further ORDERED, that upon such consideration, the Court adheres to and reaffirms its prior Decision and Order dated November 5, 2025 in all respects.

Dated: 3|20|2026

ENTER

_____
Hon. Ralph J. Porzio, J.S.C.

[* 4]